1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID HULL,                                    No.  2:16-cv-0863 JAM AC (PS)

12                    Plaintiff,

13         v.                                         ORDER AND FINDINGS AND
                                                      RECOMMENDATIONS
14    FREEMASONS, et al.,

15                    Defendants.

16

17         Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

18    by E.D. Cal. R. 302(c)(21).  Plaintiff has requested leave to proceed in forma pauperis pursuant to

19    28 U.S.C. § 1915.  Plaintiff's in forma pauperis application makes the showing required by 28

20    U.S.C. § 1915(a)(1).  Accordingly, the application will be granted.

21                                            I.  SCREENING

22         However, a determination that a plaintiff qualifies financially for in forma pauperis status

23    does not complete the inquiry required by the statute.  The federal in forma pauperis statute

24    authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to

25    state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

26    immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327.  Thus, the term "frivolous," when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Id. at 325.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the ...claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Normally, the court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). However, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Therefore, the in forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id. Among those "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328.  This portion of the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  Id. at 327.

The court does not exercise this "unusual power" lightly or often.  Indeed, the court takes very seriously the following admonition of the Supreme Court:

> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on

2

1
2
3

> summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction."  Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

4    Denton, 504 U.S. at 33 (emphases added).  Nevertheless, when it is appropriate to do so – that is,

5    when the allegations go well beyond "unlikely" or "improbable" and enter the realm of

6    "irrational," "wholly incredible" or "delusional" – the court carries out the intent of the law, and

7    dismisses claims meeting the Neitzke standard.  Denton, 504 U.S. at 33 ("a finding of factual

8    frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

9    incredible").

10                                II.  THE COMPLAINT

11          A.  Short and Plain Statement

12          Plaintiff's complaint contains 708 pages of allegations, followed by over 900 pages of

13   exhibits.[1]  See ECF Nos. 1, 2 to 2-3.  The complaint is in plain violation of the requirement that it

14   be a "short and plain statement" of plaintiff's claims, showing that plaintiff is entitled to relief.

15   See Fed. R. Civ. P. 8(a)(2).  However, permitting plaintiff to amend his complaint would be

16   futile, as the allegations themselves are delusional.

17          B.  The Merits

18          The complaint is filed against 29 named defendants and 1,000 "Doe" defendants. Id. at 2.

19   Among the named defendants are the Freemasons (identified as "Servants of Lucifer"), the

20   Central Intelligence Agency, the United States Military, Calvary Christian Center, the

21   Sacramento County Sheriff's Department, the City of Sacramento, the State of California, Barack

22   Obama, the United States of America, the Federal Bureau of Investigation, the Department of

23   Justice, Kaiser Permanente, the Department of Justice, the Sacramento Regional Threat

24   Assessment Center, the "United States Army: Criminal Investigation Command," the Department

25   of Defense, the U.S. Department of Homeland Security and Mercy General Hospital.  Id. at 2-4,

26

27   [1]  The exhibits are principally medical reports detailing plaintiff's psychiatric issues, academic records, bank records, and photos and writings apparently downloaded from the Internet.  See ECF No. 1 at 714-58, ECF Nos. 2 through 2-3.

28

3

4-14.  The complaint seeks $1 billion in damages.

The complaint alleges that plaintiff wrote a book entitled "Should A Christian Join The Army?"  Id. at 19.  Afterward, the defendants allegedly subjected plaintiff to murder threats, the implantation of electronic devices into his body, illegal searches and seizures, assassination attempts, electro-shocks and electronic harassment, attempts to get him to commit suicide, attempts to get him to change his book, stalking, torture, assaults, and many, many other outrages. The complaint further alleges that "defendant Barack Obama," in his role as the "first black President of the United States of America," was tricked into ordering plaintiff's assassination, and then worked to cover up the assassination attempt.  It further alleges that the CIA, California, and its citizens, among others, "have all been trying to assassinate" plaintiff.

A main focus of the complaint is the alleged implantation of electronic devices and heavy metals into plaintiff's body.  According to the complaint, those implants caused plaintiff "trauma with electro shocks," caused him to attempt suicide, and caused him to crash his car into a vehicle containing "a baby a little girl and a mother and father."  These devices, along with the "heavy metals in our bodies which are put [there] by vaccines" allow the CIA to, among other things, "read your thoughts," "send and [receive] private signals to you," "see through your eyes," and "hear what you hear."  The complaint alleges that the defendant hospitals and their employees failed to confirm that foreign bodies had been implanted in plaintiff's body, and refused to remove them.

There are many, many other allegations in the complaint, however they are all of a similar nature to those described above.

### III.  ANALYSIS

The court finds that the complaint consists entirely of fanciful and delusional allegations. The undersigned will therefore recommend that these claims be dismissed with prejudice.

### IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 3), is GRANTED.

////

4

1    Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should

2    be DISMISSED with prejudice.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

5    after being served with these findings and recommendations, plaintiff may file written objections

6    with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings

7    and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  Martinez v.

9    Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   DATED: April 27, 2016

11   ALLISON CLAIRE

12   UNITED STATES MAGISTRATE JUDGE

5