1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID HULL,                              No.  2:16-cv-0863 JAM AC (PS)

12              Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   FREEMASONS, et al.,

15              Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

18   by E.D. Cal. R. 302(c)(21).  Plaintiff has requested leave to proceed in forma pauperis pursuant to

19   28 U.S.C. § 1915.  Plaintiff's in forma pauperis application makes the showing required by 28

20   U.S.C. § 1915(a)(1).  Accordingly, the application will be granted.

21        Plaintiff filed a First Amended Complaint the same day the undersigned issued Findings

22   and Recommendations based upon the original complaint.  See ECF Nos. 4 (Findings &

23   Recommendations), 5 (First Amended Complaint), 6 (Exhibits).  The undersigned will therefore

24   consider the First Amended Complaint to be the operative complaint, and vacate the original

25   Findings and Recommendations.

26                                 I.  SCREENING

27        A determination that a plaintiff qualifies financially for in forma pauperis status does not

28   complete the inquiry required by the statute.  The federal in forma pauperis statute authorizes

                                              1

1   federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a

2   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

3   immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7   indisputably meritless legal theory or where the factual contentions are "clearly baseless."

8   Neitzke, 490 U.S. at 327.  Thus, the term "frivolous," when applied to a complaint, "embraces not

9   only the inarguable legal conclusion, but also the fanciful factual allegation."  Id. at 325.

10        In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint

11   provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

12   Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the ...claim is

13   and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

14   (citation and internal quotation marks omitted).  Plaintiff must set forth "sufficient factual matter,

15   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

16   U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

17        Normally, the court "must accept as true all of the factual allegations contained in the

18   complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56).

19   However, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level

20   of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

21   available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Therefore, the in

22   forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's

23   factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id.

24   Among those "are claims describing fantastic or delusional scenarios, claims with which federal

25   district judges are all too familiar."  Id. at 328.  This portion of the statute "is designed largely to

26   discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that

27   paying litigants generally do not initiate because of the costs of bringing suit and because of the

28   ////

1    threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  Id.

2    at 327.

3          The court does not exercise this "unusual power" lightly or often.  Indeed, the court takes

4    very seriously the following admonition of the Supreme Court:

5          An in forma pauperis complaint may not be dismissed, however,
           simply because the court finds the plaintiff's allegations unlikely.
6          Some improbable allegations might properly be disposed of on
           summary judgment, but to dismiss them as frivolous without any
7          factual development is to disregard the age-old insight that many
           allegations might be "strange, but true; for truth is always strange,
8          Stranger than fiction."  Lord Byron, Don Juan, canto XIV, stanza
           101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).
9

10   Denton, 504 U.S. at 33 (emphases added).  Nevertheless, when it is appropriate to do so – that is,

11   when the allegations go well beyond "unlikely" or "improbable" and enter the realm of

12   "irrational," "wholly incredible" or "delusional" – the court carries out the intent of the law, and

13   dismisses claims meeting the Neitzke standard.  Denton, 504 U.S. at 33 ("a finding of factual

14   frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

15   incredible").

16                                     II.  THE COMPLAINT

17         A.  Short and Plain Statement

18         Plaintiff's First Amended Complaint ("Complaint") contains 708 pages of allegations,

19   followed by over 2,300 pages of exhibits.  See ECF Nos. 5, 5-1, 5-2, 5-3, 6.  The Complaint is in

20   plain violation of the requirement that it be a "short and plain statement" of plaintiff's claims,

21   showing that plaintiff is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).

22         B.  The Merits

23         The Complaint is filed against 29 named defendants and 1,000 "Doe" defendants.

24   Complaint (ECF No. 5) at 2.  Among the named defendants are the Freemasons (identified as

25   "Servants of Lucifer"), the Central Intelligence Agency, the United States Military, Calvary

26   Christian Center, the Sacramento County Sheriff's Department, the City of Sacramento

27   California, the State of California, Barack Obama, the United States Government, the United

28   States of America, the Federal Bureau of Investigation, Fremont Hospital, "Subpoena Traffic

2015-03-0389," the Department of Justice (twice), Kaiser Permanente, the Sacramento Regional Threat Assessment Center, the United States Army: Criminal Investigation Command, the Department of Defense, the U.S. Department of Homeland Security and Mercy General Hospital. Id. at 2, 3-13.  The Complaint seeks $1 billion in damages, the "[r]emoval of all ILLEGAL IMPLANTS within the person of the plaintiff David Hull," and the termination of electronic harassment and spying against plaintiff.  ECF No. 5-3 at 171.

The Complaint alleges that plaintiff wrote a book entitled "Should A Christian Join The Army?"  Id. at 18.  Afterward, according to the Complaint, at the hands of the defendants, plaintiff suffered threats to murder him, implantation of electronic devices into his body, illegal searches and seizures, assassination attempts, electro-shocks and electronic harassment, attempts to get him to commit suicide, attempts to get him to change his book, stalking, torture, assaults, and many other outrages.  The complaint further alleges that "defendant Barack Obama," in his role as the "first black President of the United States of America," was tricked into ordering plaintiff's assassination, and then worked to cover up the assassination attempt.  It further alleges that the CIA, California, and its citizens, among others, "have all been trying to assassinate" plaintiff.

A main focus of the Complaint is the alleged implantation of electronic devices and heavy metals into plaintiff's body.  According to the Complaint, those implants caused plaintiff "trauma with electro shocks," caused him to attempt suicide, and caused him to crash his car into a vehicle containing "a baby a little girl and a mother and father."  These devices, along with the "heavy metals in our bodies which are put [there] by vaccines" allow the CIA to, among other things, "read your thoughts," "send and [receive] private signals to you," "see through your eyes," and "hear what you hear."  The Complaint alleges that the defendant hospitals and their employees failed to confirm that foreign bodies had been implanted in plaintiff's body, and refused to remove them.

There are many other allegations in the Complaint, however they are all of a similar nature to those described above.

////

4

1

### III.  ANALYSIS

2      The court finds that the complaint consists entirely of fanciful and delusional allegations.

3  The undersigned has carefully considered whether plaintiff may amend his pleading to state a

4  valid claim.  Leave to amend should be "freely" given "when justice so requires."  Fed. R. Civ.

5  P. 15(a)(2).  However, "that liberality does not apply when amendment would be futile."  <u>Ebner</u>

6  <u>v. Fresh, Inc.</u>, 818 F.3d 799, 808 (9th Cir. 2016).  In light of the deficiencies noted above, the

7  delusional nature of plaintiff's allegations, and the fact that plaintiff has already amended his

8  complaint once to make the same allegations as appear in the original complaint, the undersigned

9  finds that it would be futile to grant plaintiff leave to amend in this case.  The undersigned will

10  therefore recommend that these claims be dismissed with prejudice.

11

### IV.  CONCLUSION

12      In accordance with the above, IT IS HEREBY ORDERED that

13      1.  The previous Order and Findings and Recommendations (ECF No. 4), is VACATED.

14      2.  Plaintiff's application to proceed in forma pauperis (ECF No. 3), is GRANTED.

15      Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should

16  be DISMISSED with prejudice.

17      These findings and recommendations are submitted to the United States District Judge

18  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

19  days after being served with these findings and recommendations, plaintiff may file written

20  objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

22  objections within the specified time may waive the right to appeal the District Court's order.

23  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: June 15, 2016

25

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

26

27

28

5